MUNICIPAL GAS COMPANY OF THE CITY OF ALBANY, Respondent, *v.* PUBLIC SERVICE COMMISSION, SECOND DISTRICT, and Others, Appellants, Impleaded with HAROLD ALEXANDER, as District Attorney of the County of Albany, Defendant.

Third Department, November 18, 1918.

Gas and electricity — action by gas company to have statute regulating quality and pressure and fixing rate declared unconstitutional, and to permit it to charge a higher price — temporary injunction denied — order of trial where issues of law and of fact arise in same action — pleading — complaint.

Where in an action by the Municipal Gas Company of the city of Albany to have chapter 227 of the Laws of 1907, regulating the quality and pressure of gas, and fixing the price thereof in said city, declared unconstitutional, and to permit the plaintiff to charge a higher price than it has heretofore charged or said statute permits, the Public Service Commission demurred to the complaint and on the same date the Attorney-General answered denying the allegations of the complaint, and thereafter said city answered with denials, it was unnecessary to grant a temporary injunction restraining the defendants from enforcing or attempting to enforce the statute or proceeding under the Public Service Commissions Law or any other law with reference to the sale by the plaintiff of gas at a rate higher than that fixed by the statute or in any wise interfering with the plaintiff or its property or business.

The Code of Civil Procedure contemplates that in an action where there arises an issue of law and an issue of fact, the issue of law shall be first tried, unless the court otherwise directs.

*Quære,* whether the complaint by said gas company states a cause of action.

APPEAL by the defendants, Public Service Commission, Second District, and others, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Albany on the 13th day of September, 1918, restraining them during the pendency of the action from enforcing or attempting to enforce chapter 227 of the Laws of 1907, or proceeding under the Public Service Commissions Law or any other law with reference to the sale by the plaintiff of gas at a higher rate than one dollar per 1,000 cubic feet, or in any wise interfering with the plaintiff or its property or business by the commencement of any action or proceeding founded upon said laws or any of them.

*Ledyard P. Hale,* for the appellant Public Service Commission, Second District.

*Arthur L. Andrews, Corporation Counsel [John J. McManus* of counsel], for the appellant City of Albany.

*Merton E. Lewis, Attorney-General [Wilber W. Chambers, Deputy Attorney-General,* of counsel], for the appellant Merton E. Lewis, as Attorney-General.

*Neile F. Towner,* for the respondent.

*William L. Ransom [Harry Myron Chamberlain* of counsel], for the Public Service Commission, First District, intervenor.

PER CURIAM:

The action seeks to have chapter 227 of the Laws of 1907 declared unconstitutional and to permit the plaintiff to charge a higher price for gas than it has heretofore charged or said statute permits.

The Public Service Commission is charged by section 74 of the Public Service Commissions Law (Consol. Laws, chap. 48; Laws of 1910, chap. 480) with the duty of prosecuting violations of its orders or of the law relating to gas companies. The Commission demurred to the complaint September sixth. The Attorney-General answered on that date denying the allegations of the complaint, and the briefs indicate that the city of Albany has since answered with denials. If the plaintiff had desired a speedy determination of the matter the demurrer could have been brought to a

hearing as a motion and the legal question determined in the usual manner.    The Code of Civil Procedure contemplates that in an action where there arises an issue of law and an issue of fact the issue of law shall be first tried, unless the court otherwise directs.  (§§ 966, 967.)  It was unnecessary to grant the temporary injunction.  We also conclude that there is grave doubt whether the complaint states a cause of action. (*Lee* v. *O'Malley,* 140 App. Div. 595.)  The order should be reversed, with costs, and the motion denied, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.